UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

IN RE:   JULIE FAYE VAUGHN            CASE NO. 21-40215
         DEBTOR                        Chapter 7

JULIE FAYE VAUGHN                                          PLAINTIFF

VS.                                              A.P. NO:_____

Med-1 Solutions, LLC                                        DEFENDANT

**COMPLAINT TO RECOVER GARNISHED FUNDS**

Comes the Debtor, Julie Faye Vaughn, by and through counsel, and files her complaint:

**Jurisdiction and Venue**

1. On May 3, 2021, Julie Faye Vaughn, ("Plaintiff") filed a Chapter 7 bankruptcy petition which listed Med-1 Solutions, LLC, as an unsecured creditor.

2. Med-1 Solutions, LLC, is an Indiana limited liability corporation which has its principal office located at 517 US 31 North, Greenwood, Indiana 46142. Service of process should be had upon the Defendant by regular mail to Mr. William Joseph Huff, II, a member, Med-1 Solutions, LLC, 517 US 31 North, Greenwood, Indiana 46142-3932.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547, 522, 549, 362 and 550. This proceeding arises under the Bankruptcy Code, and arises in, and is related to the Chapter 7 case filed by the Plaintiff.

3. This proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1409 because this proceeding arises in and is related to a bankruptcy case in this district.

## Factual Allegations

5. On October 28, 2020, the Defendant, by and through its attorneys, served the Plaintiff's employer, Redbanks, with a Summons and Notice of Garnishment arising out of a judgment that it had taken against the Plaintiff in the Vanderburgh County Superior Court, Vanderburgh County, Indiana, Cause No. 82D07-2006-SC-003029.

6. During the ninety (90) days which preceded the filing of her bankruptcy case, the Plaintiff's wages were garnished and amounts deducted from her payroll checks in the approximate amount of $1,207.24, en toto.

7. These garnishments constituted transfers and were applied to the antecedent debt which was owed to the Defendant as evidenced by its judgment.

8. The Plaintiff was insolvent throughout the ninety (90) day period immediately preceding the filing of her bankruptcy case.

9. Receipt of these transfers enabled the Defendant to receive more than it would have received if the transfers had not been made and the Defendant had received payment to the extent provided by the Bankruptcy Code.

10. The creditor's meeting was held on June 2, 2021. The Trustee filed his report of No Distribution on June 2, 2021.

11. Pursuant to 11 U.S.C. § 522(h) the Plaintiff may avoid transfers under 11 U.S.C. §§ 547 and 549 and recover them under 11 U.S.C. § 550.

12. The Plaintiff has claimed an exemption in these prepetition transfers.

13. The garnishment lien referred to herein is a judicial lien.

**Count 1 (11 U.S.C. § 547)**

The Plaintiff reaffirms and reiterates those allegations contained in paragraphs 1 to 13 and states:

14.    The garnishments which were paid to the Defendant during the ninety (90) days immediately preceding the filing of the Plaintiff's bankruptcy case were preferential transfers pursuant to 11 U.S.C. § 547 and should be repaid to the Plaintiff since the Trustee has not attempted to recover these transfers.

WHEREFORE the Plaintiff prays that she recover from the Defendant, Med-1 Solutions, LLC, pursuant to 11 U.S.C. §§ 522 and 550, all amounts which it received during the ninety (90) days immediately preceding the filing of this case as preferential transfers, totaling $1,207.24, and to any other relief to which she may be entitled.

/s/Sandra D. Freeburger
Sandra D. Freeburger
DEITZ SHIELDS & FREEBURGER, LLP
P O Box 21
Henderson KY 42419-0021
Tel:	(270) 830-0830
Fax:	(270) 827-1492
Email:	sfreeburger@dsf-atty.com